# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

SHANE R. ELERSIC,            )     CASE NO.  4:05CV1071
                                )
           PLAINTIFF,     )     JUDGE SARA LIOI
                                )
vs.                            )
                                )     **MEMORANDUM OPINION**
                                )
                                )
DAVID BOBBY, Warden      )
                                )
                                )
            DEFENDANT.    )

     This action is before the Court upon the Report and Recommendation of Magistrate Judge James S. Gallas. (Doc. No. 24.) Petitioner Shane Elersic (Petitioner or Elersic) has filed objections to the Report.[1] (Doc. No. 27.) For the reasons that follow, the Report and Recommendation is **ADOPTED**, and Petitioner's application for a writ of habeas corpus (Doc. No. 1) is **DENIED.**

## I.

## <u>INTRODUCTION</u>

     On April 28, 2005, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction and sentence for burglary with a firearm specification. The Court referred the matter to

---

[1] The Clerk of Courts attempted to serve the Report and Recommendation upon Petitioner at the address listed in his habeas petition. After the initial attempt to serve Petitioner failed, Respondent David Bobby (Respondent) filed a Notice of Change of Address for Petitioner (Doc. No. 26), and a copy of the Report was mailed to Petitioner's new address on February 13, 2008. Petitioner's objections were timely filed after receipt of the Report at his new address.

Magistrate Judge Gallas for the preparation of a Report and Recommendation. The Magistrate Judge submitted his report on February 1, 2008.[2] In his Report, the Magistrate Judge recommended that this Court find that the pre-trial delay in causing Petitioner's indictment to issue did not violate Petitioner's right to a speedy trial under the Fifth Amendment, and that any denial of Petitioner's rights under the Sixth Amendment to compulsory process was harmless. Additionally, the Magistrate Judge determined that Petitioner was precluded from arguing that his sentence on the burglary conviction was impermissibly enhanced by an unconstitutional prior conviction from the year 2000. Ultimately, the Magistrate Judge recommended that the Court deny the habeas petition.

## II.

## **FACTUAL BACKGROUND**

Because Petitioner objected only to those portions of the Magistrate Judge's Report and Recommendation addressing the pre-trial delay, compulsory process and reliance on the 2000 conviction to enhance his sentence, the remainder of the Report – including its account of the factual and procedural history of the case – is hereby accepted as written. Thus, the Court will only provide a brief review of the facts, as found by the state appellate court, sufficient to provide context for the asserted objections.

---

[2] This action was originally assigned to the docket of the Honorable Kathleen M. O'Malley. The matter was transferred to the docket of the Honorable Sara Lioi on April 11, 2007.

An indictment was issued against Petitioner in Lake County, Ohio on September 17, 1999, charging Petitioner with breaking and entering, theft, vandalism, receiving stolen property with a firearm specification and engaging in a pattern of corrupt activity. The indictment alleged that Petitioner's "pattern" of corruption spanned from April 25, 1999 to June 28, 1999. The indictment further identified eight specific acts of theft and related crimes, but did not specifically identify the April 25, 1999 burglary of the home of Douglas Tenney, which is the focus of the present habeas petition.

Petitioner was tried in Lake County and convicted of the crimes identified in the 1999 indictment, but eventually obtained a new trial on appeal. All charges, except the charge of receiving stolen property with a firearm specification, were dismissed before the second trial. Petitioner was acquitted of this remaining charge in his subsequent trial.

On March 29, 2002, Petitioner was secretly indicted on one count of burglary with a firearm specification and one count of grand theft with a firearm specification for the April 25, 1999 break-in occurring at the Tenney residence. The grand theft charge was dismissed before trial, and Petitioner was ultimately convicted by a jury on the remaining burglary charge. He was sentenced to a term of imprisonment of four years on the burglary conviction and one year for the firearm specification. Petitioner has subsequently been released from prison and is under post-release control within the geographic jurisdiction of the Court. (*See* Doc. No. 26.) The Court agrees with the Magistrate Judge's finding that Petitioner has exhausted his state remedies.

## III.

### **STANDARD OF REVIEW**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

With respect to challenges to the determinations made by the appellate state courts in Petitioner's case, this Court has a very limited scope of review. In § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996, Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Habeas relief is also available where the result in the state court represented a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). Where a ruling in state court is "on the merits," this Court must give "deference to the state court" and its determination. *McKenzie v. Smith*, 326 F.3d 721, 726 (6th Cir. 2003).

4

### III.

### LAW AND ANALYSIS

Petitioner raises three claims for relief in his petition. The Court shall address each claim in turn, along with the Magistrate Judge's recommended resolution of each claim and the objections lodged by Petitioner.

#### A.  Pre-Indictment Delay and the Right to a Speedy Trial

In his first claim, Petitioner argues that:

> Petitioner's Due Process [right] to a Speedy Trial governed under the United States and Ohio Constitution [was] violated when the state issued new criminal charges stemming from the same facts and sequence of events from the original indictment which was prosecuted three years earlier.

Through this first ground, Petitioner complains that he should have been indicted on the Tenney burglary in the same 1999 Lake County indictment that charged him with various other theft and theft-related crimes. He further maintains that this failure to timely indict violated his constitutional right to a speedy trial.

The Magistrate Judge correctly determined that Petitioner has not contested the time period between the March 29, 2002 indictment and the October 10, 2002 trial date. Rather, he has confined his petition to the pre-indictment delay.[3] The Magistrate Judge began his analysis by noting that the state appellate court misconstrued Petitioner's speedy trial argument. In state court, Petitioner had attempted to argue that the 90 day period of time in which Petitioner was to be brought to trial on the Tenney

---

[3] In his Objections, Petitioner readily acknowledges that the Magistrate Judge has accurately set forth in the Report the issues before this Court.

5

burglary, under Ohio Rev. Code § 2945.71(E), should have begun to run the day the 1999 indictment was issued on the other theft offenses.[4]

In so arguing, Petitioner was relying upon two Ohio cases, which held that "when 'new and additional charges arise from the same facts as did the original charge and the state knew of such acts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitation period that is applied to the original charge.'" *State v. Adams*, 43 Ohio St. 3d 67, 68 (1989) (quoting *State v. Clay*, 9 Ohio App. 3d 216 (Ohio Ct. App. 11th Dist. 1983)).

On direct appeal, Petitioner highlighted the fact that the 1999 indictment identified the date of the Tenney burglary as the beginning date of the "pattern of corrupt" activity, and that the sale of one of the guns taken in the Tenney burglary was specifically identified as one of the enumerated crimes in the 1999 indictment. Relying on these shared facts, he argued that the Tenney burglary was sufficiently similar to that of the crimes identified in the 1999 indictment such that he was entitled under § 2945.71 to be tried on the Tenney burglary within 90 days of the issuance of the 1999 indictment.

The state appellate court did not, however, engage in an analysis of § 2945.71(E) under *Adams* and *Clay*. While the court found that the Tenney burglary involved a gun that would later be sold in a criminal enterprise outlined in the 1999 indictment, it focused on the fact that Petitioner had not shown any prejudice from the pre-indictment delay and, therefore, had not demonstrated a constitutional violation of the

---

[4] Ohio Rev. Code § 2945.71 requires the state court to bring a criminal defendant to trial within 270 days from the date of the indictment but when the defendant is incarcerated the "triple count" kicks in and the trial must take place within 90 days.

right to a speedy trial. The state appellate court did, however, find that the Tenney burglary was an incident separate and distinct from the crimes enumerated in the 1999 indictment.[5]

The Magistrate Judge found that Petitioner's claim under *Adams* and *Clay* raised an error of state statutory law that was not reviewable by a federal court in a habeas petition. As for federal due process concerns, the Magistrate Judge recommended a finding that Petitioner has not demonstrated that the pre-indictment delay in the present matter resulted in actual prejudice, a finding that was consistent with the state appellate court's finding in its Fifth Amendment analysis.

By way of objection, Petitioner takes issue with the Magistrate Judge's conclusion that the first ground for relief is based upon "arguments that have no merit for purposes of Federal collateral review." (Objections, p. 1 (quoting the Report, p. 8)). Petitioner again complains that, under *Adams* and *Clay*, the 1999 indictment should have included the Tenney burglary. (Objections, p. 2.)

This objection is **OVERRULED**. The Court agrees with the Magistrate Judge's conclusion that Petitioner's speedy trial argument and now also his objection to the Report are limited to the proper application of Ohio's speedy trial statute, and, therefore, involve a state issue that is not subject to federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

---

[5] Specifically, the state appellate court found that "[e]ven though the same gun was involved in the stolen property count with a firearm specification and some of the same witnesses were involved in both cases, the charges clearly stemmed from separate acts. *State v. Elersic*, 2004 WL 2804809, *5.

Nor does the objection touch upon the exception to the general rule where federal review will lie if "a state court's error in interpreting or applying its own law has rendered the trial that convicted the appellate so fundamentally unfair as to have deprived [a petitioner] of substantive due process in violation of the U.S. Constitution." *Norris v. Schotten*, 146 F.3d 314, 329 (6th Cir. 1998). The speedy trial argument repeatedly raised in the state courts and "here 'has nothing to do whatsoever with the fairness of the trial itself [… but rather] goes to the fairness of [the petitioner's] extended pretrial detention.' [Petitioner] has pointed to nothing that would suggest otherwise. Moreover, this is certainly not a case where the innocence of the accused is manifest." *Id.* (quoting *Hutchison v. Marshall*, 744 F.2d 44, 47 (6th Cir. 1984)). Ultimately, the Court cannot conclude that the state appellate court's ruling on Petitioner's Fifth Amendment claim was "contrary to" or "involved an unreasonable application of" federal constitutional law, nor can it find that the state appellate court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1).

### B. Compulsory Process

In his second ground for relief, Petitioner complains that:

> [Elersic's] Sixth Amendment right to compulsory process and due process of law was violated when the trial court excluded an essential key witness. This error was more than harmless as such testimony would have changed the outcome of the entire trial.

Through this ground for relief, Petitioner actually challenges the trial court's decision not to permit Petitioner to produce two witnesses at trial: Josh Miller and Lake County Sheriff Deputy Harpster. The trial court refused to permit Miller to testify because he was

not identified on Petitioner's witness list and the prosecution was not advised of defense counsel's intention to call Miller as a witness until the morning he was to testify. Deputy Harpster did not testify because he was not properly subpoenaed. *State v. Elersic*, 2004 WL 2804809, *7 (Ohio Ct. App. 11th Dist. Sept. 30, 2004).

Like the state appellate court, the Magistrate Judge found that the trial court erred in refusing to permit these witnesses to testify.[6] He recommended that this Court should find that the error was harmless because the excluded testimony did not have a substantial and injurious effect upon the verdict.

In his Objections, Petitioner challenges the Magistrate's conclusion that "the exclusion of Josh Miller's testimony was harmless error.[7] (Objections, pp. 2-3 (quoting the Report, p. 17)). Petitioner argues that the exclusion of this "key witness" cannot be considered harmless because Miller's testimony would have demonstrated that Petitioner was actually innocent of the Tenney burglary.

This objection is **OVERRULED**. Notwithstanding Petitioner's reference to the recently prepared affidavit[8] of Mr. Miller, defense counsel's proffer of this witness at trial demonstrated that Miller was being offered to counter testimony from

---

[6] While the Magistrate Judge agreed with the state appellate court's conclusion of error, he disagreed with the standard employed by the court, and found that the proper standard is the "substantial and injurious effect" standard, used in *Brecht v. Abrahamson*, 507 U.S. 619 (1973), and  discussed in *Fry v. Pliler*, __ U.S. __, 127 S.Ct. 2321, 2328 (2007). Because the Magistrate Judge concluded that the state appellate court applied the wrong standard, he engaged in a *de novo* review of this claim.

[7] Petitioner does not challenge the Magistrate Judge's recommendation that the Court find that any error in excluding the testimony of Deputy Harpster was harmless in light of the fact that Harpster's testimony would have been cumulative.

[8] Appended to Petitioner's Objections is an affidavit prepared by Josh Miller and dated January 31, 2005, wherein he avers that he was responsible for the Tenney burglary and that Petitioner was not involved. This self-serving affidavit, addressed to Judge Paul Mitrovitch, was clearly prepared by Miller in anticipation of his own sentencing and is of little value in considering whether Petitioner's constitutional rights were violated at trial.

Tenney that he had seen Petitioner and Miller at a convenience store shortly after the 1999 burglary of his home, that Miller had previously been to Tenney's home, and that Miller was aware that Tenney had multiple guns in his home. (TR 139-150, 366.) Miller was also offered to counter testimony from Michael Fazzolare who testified for the State that Petitioner told him that Miller was involved in the burglary. (TR 226-27.)

    The Court agrees with the Magistrate Judge's finding that the trial court erred in excluding Miller's testimony. Applying the substantial and injurious effect standard, the Court also agrees with the Magistrate Judge's conclusion that the error was harmless. As noted above, Miller's testimony was offered to counter evidence that Miller was involved in the burglary.  It was not offered to demonstrate that Petitioner was not involved. Moreover, while Miller's testimony may have called into question the credibility of Tenney and Fazzolare, the jury was still presented with overwhelming evidence that Petitioner was involved in the burglary. Specifically, a local merchant, Paul Benne, testified that shortly after the burglary, Petitioner and Fazzolare inquired about purchasing a remote control for a Bose stereo system.[9] When Benne indicated that he would need the stereo's serial number to order the remote, Petitioner provided the serial number from the stereo stolen from Tenney. Additionally, there was evidence offered at trial that other items stolen from the Tenney residence were found in a vehicle that Petitioner had been driving. Given this evidence, it cannot be said that the absence of

---

[9] A Bose stereo was taken from the Tenney resident. The remote for the stereo, however, was never removed from the residence.

Miller's testimony that he was not at a convenience store with Petitioner after the burglary had "a substantive and injurious effect or influence in determining the jury's verdict." *See Forensic v. Birkett*, 501 F.3d 469, 481 (6th Cir. 2007) (applying the "substantive and injurious effect" standard to an analysis of harmless error).

### C.  Enhancement of Sentence

In his third and final ground for relief, Petitioner argues that:

> Petitioner is currently in custody in violation of the Constitution or Laws or Treaties of the United States due in part to a constitutionally invalid Geauga County conviction which was used to further the sentence in this Lake County conviction.

The record from the sentencing hearing reveals that the trial court relied upon Petitioner's November 9, 2000 conviction in Geauga County to enhance his sentence for the Tenney burglary conviction. (Sentencing Hearing Transcript, Doc. No. 14, TR 13.)

The Magistrate Judge recommended that this Court deny the third claim "because relief is generally unavailable to a state prisoner seeking relief under 28 U.S.C. § 2254 when the sentence is challenged on the ground that it was enhanced based on an unconstitutional prior conviction for which the petitioner is no longer in custody." (Report, p. 20.) Relying upon *Lackawanna County District Attorney v. Cross*, 532 U.S. 394 (2001) and *Abdus-Samad v. Bell,* 420 F.3d 614, 629-31 (6th Cir. 2005), the Magistrate Judge observed that Petitioner was no longer in custody on the Geauga County conviction. As such, he concluded that Petitioner was foreclosed from challenging the use of this prior conviction.

Petitioner objects to this conclusion by pointing to what he describes as the "PING-PONG EFFECT prosecution." (Objections, p. 4, capitals in

11

original.) Once again, Petitioner takes issue with the fact that he has been tried in several different counties on charges of crimes that share some common facts.

With respect to this final claim, Petitioner's criticism of the manner in which he was brought to trial on the various charges against him does not change the fact that the Geauga County conviction is "no longer open to direct or collateral attack" and, therefore, is regarded as "conclusively valid." *Lackawanna County District Attorney*, 532 U.S. at 403. The fact that this conclusively valid conviction was later used to enhance the present sentence cannot, therefore, support a challenge in a habeas petition on the ground that the prior conviction was unconstitutionally obtained. *See Id.* at 403-04.

In his traverse, Petitioner argues that the Geauga action should not have been taken into consideration by the sentencing judge in this Lake County action because the sentence issued on the Geauga action was, itself, improperly enhanced by the convictions in the 1999 indictment, which were eventually overturned. (Traverse, Doc. No. 17, p. 22.) Even if it were possible to collaterally attack the already served Geauga action at this late juncture, it is clear from the record at the sentencing hearing on the present matter that the sentencing judge relied on the Geauga conviction, and not the length of the Geauga sentence, in justifying its enhanced sentence.[10] This final objection is **OVERRULED**.

---

[10] In explaining the sentence imposed for the Tenney burglary, the sentencing judge noted that Petitioner "was also convicted in Geauga County for the same type of offense, breaking into a place, this was a golf course, stealing items from there and then leading the police on a chase for a fleeing and alluding charge and he served a prison sentence on that and this leads up to this offense we're here on today, the burglary charge where this house was broken into while Mr. Tenney was not home […]." (TR 13.)

## IV.

## <u>CONCLUSION</u>

For the above stated reasons, the Magistrate Judge's Report and Recommendation is hereby **ADOPTED** and the petition for habeas corpus relief is hereby **DENIED**. This Court further certifies, pursuant to 28 U.S.C. § 1919(a)(3), that an appeal from the decision would be frivolous and could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

Dated: March 3, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**